# United States District Court
# Central District of California

| | |
|---|---|
| DWAIN LAMMEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUEENBEE LLC, a California Limited Liability Company; and DOES 1-10,<br><br>　　　　　Defendants. | Case № 2:19-CV-02381-ODW (PLAx)<br><br>**ORDER GRANTING**<br><br>**MOTION TO DISMISS [13]** |

## I.　　INTRODUCTION

Before the Court is Defendant Queenbee LLC's Motion to Dismiss for failure to state a claim. (Mot. to Dismiss ("Mot."), ECF No. 13.)[1] For the following reasons, Queenbee's Motion is **GRANTED**.

## II.　　FACTUAL BACKGROUND

Plaintiff Dwain Lammey is a quadriplegic who uses a wheelchair for mobility. (Compl. ¶ 1, ECF No. 1.) Queenbee owns real property located at 608 E. Manchester Avenue, Los Angeles, California. (Compl. ¶ 2.) In March 2019, Lammey went to Queenbee's property to eat at a restaurant open to the public, motivated in part to determine if Queenbee complied with disability access laws. (Compl. ¶ 8.) Lammey

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

alleges that on the date of his visit, Queenbee did not provide accessible paths of travel in conformance with the Americans with Disabilities Act ("ADA") Standards. (Compl. ¶ 11.) In a footnote in his Complaint, Lammey elaborates that "there was no safe wheelchair accessible route of travel from the boundary of the site to the accessible entrance of the restaurant." (Compl. ¶ 11 n.1.)

Lammey claims he personally encountered this barrier, and the lack of accessible paths of travel created difficulty and discomfort for him. (Compl. ¶¶ 13, 15.) Lammey alleges that, because Queenbee failed to provide accessible paths of travel, Queenbee denied him full and equal access. (Compl. ¶ 14.) According to Lammey, the barriers are easily removable and, if complete removal is not achievable, numerous alternative accommodations can be made to provide greater access. (Compl. ¶ 17.) Lammey further alleges that his knowledge of the existing barriers and uncertainty about the existence of other barriers deters him from returning to the restaurant. (Compl. ¶ 18.)

Based on these allegations, Lammey asserts two causes of action: (1) violation of the ADA; and (2) violation of the Unruh Civil Rights Act ("Unruh"). (Compl. ¶¶ 22–30.) Queenbee moves to dismiss Lammey's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot. 1.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION[2]

Queenbee contends that Lammey does not allege any architectural barriers that constitute discrimination under the ADA; thus, Lammey fails to give Queenbee fair notice as Rule 8 requires. (Mot. 1.) On that basis, Queenbee moves to dismiss Lammey's Complaint for a failure to state a claim. (Mot. 1.)

### A. Violation of the ADA

Lammey alleges that Queenbee failed to provide accessible paths of travel, in violation of the ADA. (Compl. ¶ 23.)

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . .'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011). As relevant here, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To give fair

---

[2] Queenbee requests in its Motion that the Court take judicial notice of Google Maps images of the real property. (Mot. 2, 4–5.) Lammey does not oppose. As the Court may properly take notice of facts not in "reasonable dispute" that are "generally known within the trial court's territorial jurisdiction" and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court **GRANTS** Queenbee's request. Fed. R. Evid. 201; *see also United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012).

notice of an architectural barrier claim under Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself. *Oliver*, 654 F.3d at 909.

Lammey urges the Court to adopt a "charitable and deferential pleading standard" and argues that Queenbee can explore the factual underpinnings of the ADA claim during discovery. (Opp'n to Mot. ("Opp'n") 5–7, ECF No. 15.) The Court declines this invitation and applies the pleading standard articulated above. Lammey's Complaint contains only the conclusory assertion that Queenbee "did not provide accessible paths of travel in conformance with the ADA Standards" and "[Lammey] personally encountered this barrier." (Compl. ¶¶ 11, 13.) Lammey attempts to expound on this conclusory assertion in a footnote in his Complaint, explaining "[f]or example, there was no safe wheelchair accessible route." (Compl. ¶ 11 n.1.) The footnote also states that "[o]n information and belief there are other issues with the paths of travel that render them non-compliant." (*Id.*) Instead of identifying these "other issues," Lammey asserts that they "will be fleshed out in discovery and inspections." (Compl. ¶ 11 n.1.) Lammey's allegations in his Complaint are conclusory, vague, and fail to raise the right to relief above the speculative level. *See Twombly*, 550 U.S. at 555; *Sprewell*, 266 F.3d at 988. As such, Lammey's Complaint fails to state a claim.

In his Opposition to Queenbee's Motion, Lammey elaborates on the "path of travel" assertion, stating that "[t]he public sidewalks terminate after entering the boundary of the property and there is no safe path of travel after that point." (Opp'n 7.) Thus, the Complaint's reference to a lack of a safe wheelchair accessible route appears to be based on Lammey being "forced to travel in the vehicular drive paths and behind parked cars to gain access to the [r]estaurant." (Opp'n 7.) However, "ADA standards permit accessible routes through parking lots to use vehicular lanes, and contain no express restriction barring routes from passing behind parked cars." *Baskin v. Hughes Realty, Inc.*, 25 Cal. App. 5th 184, 200 (2018) (discussing that

"several courts have construed the ADA standards to permit routes through parking lots that make use of vehicular lanes."). Apparently, Lammey agrees. In his Opposition, Lammey admits that the ADA Standards for paths of travel "do[] not require 'safe' wheelchair accessible route[s]." (Opp'n 7 ("This is true.").) Nevertheless, Lammey argues to the contrary, that a "safe" wheelchair accessible route of travel is the standard for determining whether the restaurant is ADA compliant. (*See* Opp'n 7–8.)

Even considering Lammey's Opposition, Lammey has not overcome "the minimal hurdle of notice imposed by Rule 8." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007). Lammey's Complaint fails to state a plausible claim for an ADA violation and his arguments in opposition to Queenbee's Motion run contrary to law. Accordingly, Queenbee's Motion to Dismiss Lammey's ADA claim is **GRANTED**.

### B. Violation of the Unruh Act

Lammey alleges Queenbee violated the Unruh Act by "denying, or aiding, or inciting the denial of, [Lammey's] rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered." (Compl. ¶ 29.)

The Unruh Act assures that people with disabilities "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51. A violation under the ADA also constitutes a violation of the Unruh Act. *Id.*

Lammey does not allege new facts to support his Unruh claim and, as the Court addressed above, has failed to plead sufficient facts to support his conclusory assertion. As such, Lammey's Unruh claim falls with his ADA claim and Queenbee's Motion to Dismiss Lammey's Unruh claim is **GRANTED**.

### C. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

*See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Lammey does not request leave to amend or indicate what additional facts he could supplement to state a claim. In a footnote in the Complaint, Lammey states "[o]n information and belief, there are other issues with the paths of travel that render them non-compliant." (Compl. ¶ 11 n.1.) Rather than elaborate on these "other issues," in his Opposition to Queenbee's Motion, Lammey merely repeats this same footnote by copying in the language from the Complaint. (*See* Opp'n 4 n.5.) As Lammey has failed to state a claim and failed to suggest a basis for amendment that could cure that deficiency, the Court finds amendment would be futile.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Queenbee's Motion to Dismiss Lammey's Complaint, without leave to amend. The Court will issue judgment.

**IT IS SO ORDERED.**

December 20, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**